IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROY HAMMOND,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security;<br><br>Defendant. | 8:20-CV-287<br><br>**MEMORANDUM AND ORDER** |

### I. INTRODUCTION

This Court reversed the Social Security Commissioner's decision to deny Plaintiff, Roy Hammond, social security disability benefits pursuant to an order dated July 8, 2021. Filing 22. Before the Court are Hammond's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), Filing 24, and a separate Motion for Attorney Fees under 42 U.S.C. § 406(b). Filing 25. The Commissioner does not object to the Motion for Attorney fees under the EAJA and takes no position on the Motion for Attorney Fees under 42 U.S.C. § 406(b). Filing 26; Filing 27. For the reasons stated herein, the Court grants Hammond's motions.

### II. ANALYSIS

#### A. Motion for Attorney Fees Under the EAJA

Section 204(d) of the EAJA, codified at 28 U.S.C. § 2412(d), provides in pertinent part that "a court shall award to a prevailing party . . . fees and other expenses . . . in any civil action . . .

1

brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The EAJA's goal is to "remove the deterrent effect of having to pay attorney's fees to defend against unreasonable government action." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). The Commissioner bears the burden of proving that "its position in the administrative and judicial proceedings below was substantially justified." *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). A party seeking fees under the EAJA must, "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection." 28 U.S.C. § 2412(d)(1)(B).

28 U.S.C. § 2412(d)(2)(A) caps EAJA fee awards at $125.00 per hour, but the Court may exceed this rate if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* "A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index." *See Martin v. Comm'r, Soc. Sec. Admin.*, No. 6:20-CV-06066, 2021 WL 2094477, at *2 (W.D. Ark. May 24, 2021); *see also Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990).

As Hammond is the prevailing party, and the Commissioner "has no objection regarding the issue[] of substantial justification," Filing 26 at 2, the only issue before the Court is the amount of attorney fees. Hammond seeks attorney fees in the sum of $4,043.65. Filing 24 at 3. The total amount reflects 3.10 hours of attorney work performed in 2020 at a rate of $207.78 per hour and 15.80 hours of attorney work performed in 2021 at a rate of $215.16 per hour. Filing 24-3 at 1–2. The Court finds that an increase in the cost of living pursuant to the Consumer Price Index justifies

2

these rates. *See* Filing 24-3 at 1 (Consumer Price Index).[1] Hammond also requests that he be reimbursed for $400 in filing fees, which the Court will also grant. Filing 24 at 3; *see* 28 U.S.C. § 1920 (stating that the Court may tax as costs fees of the clerk); 28 U.S.C. § 2412(a)(1) (EAJA providing that costs may be awarded to the prevailing party). Therefore, the Court will award $4,043.65 in attorney fees and $400 in filing fees for a total of $4,443.65. Pursuant to the Supreme Court's decision in *Astrue v. Ratliff*, the Court orders that this award by directly made to Hammond.[2] *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) ("The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney . . . . [T]he statute's plain text does the opposite—it 'awards' the fees to the litigant . . . .").

### B. Motion for Attorney Fees Under 42 U.S.C. § 406(b)

Because Hammond achieved a favorable judgment in a social security disability case, he is also entitled to attorney fees under 42 U.S.C. § 406(b). *See* 42 U.S.C. § 406(b)(1)(A) ("Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ."). Congress passed § 406(b) to "protect claimants against inordinately large

---

[1] The average Consumer Price Index for urban consumers in 2020 was 258.811, representing an indexed rise in the cost of living of 66.22 percent since March 1996. Filing 24-3 at 1; *see* Contract with America Advancement Act of 1996, PL 104–121, March 29, 1996, 110 Stat 847 (setting the maximum statutory rate under the EAJA at $125). Applying this increase to the EAJA's statutory rate of $125 yields a maximum rate of $207.78 for 2020. From January through August in 2021, the average Consumer Price Index for consumers was 268.00, representing an indexed rise in the cost of living of 72.13 percent since March 1996. Filing 24-3 at 1. Applying this increase to the EAJA's statutory rate of $125 yields an hourly maximum rate of $215.16 for 2021.

[2] Counsel had requested that the fee award be made directly to him and cited an assignment agreement with Hammond. *See* Filing 25 at 3; Filing 25-1 at 1. However, given that the Court is awarding fees under 42 U.S.C. § 406(b), the EAJA award properly belongs to Hammond. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (noting that an EAJA award offsets a § 406(b) award such that the claimant, rather than his or her attorney, is entitled to the amount of the smaller fee).

fees" and to ensure attorneys receive payment of appropriate fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. However, contingent-fee agreements are unenforceable "to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)(1)(A)). If the fee is "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* Thus, even if the fee does not exceed twenty-five percent of the past-due benefits owed to the claimant, the Court must conduct an "independent check" to assure that the contingent-fee arrangement yields a reasonable result. *Id.*

The Supreme Court in *Gisbrecht* provided a few factors to consider when a court tests a fee arrangement's reasonableness. First, the award may be reduced "based on the character of the representation and the results the representative achieved." *Id.* at 808. Second, "If the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* Finally, "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.*

In this case, Hammond's counsel seeks $17,643.75. Counsel reached this amount by taking the amount the Social Security Administration withheld as 25 percent of Hammond's past-due benefits, or $23,643.75, and subtracting $6,000 his co-counsel is seeking under 42 U.S.C. § 406(a) for the co-counsel's work before the agency. Thus, the total fee that Hammond's counsel seeks is exactly the statutory maximum of twenty-five percent of Hammond's past-due benefits.[3] The fee

---

[3] Hammond's agreement with counsel provides that his attorneys are entitled to twenty-five percent of past-due benefits. Filing 25-1 at 1.

reflects approximately 18.9 hours of work performed before the Court. Based on the amount of time counsel worked on this case and the results he achieved for Hammond, the Court concludes that the contingent fee agreed-upon is reasonable given the circumstances and risk of adverse judgment in this case. *See Smith v. Berryhill*, No. 8:18CV491, 2020 WL 5408041, at *2 (D. Neb. Sept. 9, 2020) (concluding that hourly rate of $1,000 per hour was reasonable). Additionally, the Court recognizes that in social security disability cases taken on a contingency fee basis "an attorney fee that might otherwise appear unreasonable is perfectly appropriate." *Bear v. Astrue*, 544 F. Supp. 2d 881, 884 (D. Neb. 2008). The risk counsel undertook by working on contingency further supports the fee award. Accordingly, the Court awards Hammond's counsel $17,643.75.

### III. CONLCUSION

The Court concludes that Hammond is entitled to attorney fees under the EAJA and § 406(b). Counsel requests that the $17,643.75 award under § 406(b) be awarded to Sean D. Cuddigan, his co-counsel, who will then disburse to counsel Wes Kappelman his portion of the award. Filing 25 at 3. Accordingly,

IT IS ORDERED:

1. Attorney fees under the EAJA in the amount of $4,043.65 is awarded to Hammond to be paid directly to him;

2. Costs in the amount of $400 for filing fees is awarded to Hammond; and

3. Attorney fees under 42 U.S.C. § 406(b) in the amount of $17,643.75 is awarded to Hammond, payable to his attorney Sean D. Cuddigan, and shall be delivered to Cuddigan's law firm at 10855 West Dodge Road, Suite 100, Omaha, Nebraska, 68154.

Dated this 9th day of November, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge